IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BUCK,<br>　　　　Plaintiff,<br><br>　　v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br>　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO. 18-5148 |

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　January 23, 2019

# M E M O R A N D U M

## I.　INTRODUCTION

Plaintiff, James Buck, alleges that his insurer, defendant GEICO Advantage Insurance Company ("GEICO"), acted in bad faith in concluding that plaintiff was liable for a reported motor vehicle accident. In the Complaint, plaintiff avers a claim of insurance bad faith under 42 Pa. Cons. Stat. § 8371 against GEICO.

Presently before the Court is Motion of Defendant, GEICO Advantage Insurance Company, To Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, defendant's motion is granted without prejudice.

## II.　BACKGROUND

The facts below are drawn from plaintiff's Complaint and the documents on which it is based. Those facts are as follows.

On or about January 25, 2017, plaintiff was involved in a motor vehicle accident while driving his 2013 Kia Optima. Compl. ¶ 3. At the time of the accident, plaintiff's vehicle was insured by GEICO. *Id*. ¶¶ 5–11. Plaintiff asserts that the accident, which involved a collision with a parking bollard, was caused by a non-party security officer. *Id*. ¶¶ 4, 12. Plaintiff reported the collision to GEICO and "provided a full and accurate description of the accident."

1

*Id.* ¶¶ 13–14. Without taking any investigative steps to corroborate plaintiff's version of events, GEICO determined that the collision was "100% Mr. Buck's fault." *Id.* ¶¶ 16–19. Thereafter, GEICO "significantly increased the insurance premiums" on plaintiff's vehicles.[1] *Id.* ¶ 19. As a result, plaintiff "was forced to seek alternative insurance from another company in an attempt to offset the increased premium."[2] *Id.* ¶ 20.

On or about October 3, 2017, plaintiff provided GEICO "with surveillance video that shows that the collision happened exactly as described by plaintiff." *Id.* ¶ 22. In a letter dated October 19, 2017, GEICO informed plaintiff that "we have reviewed the video footage that you sent us and determined that it would not change the liability for the loss." *Id.* ¶ 24. In a letter dated December 8, 2017, GEICO informed plaintiff that it had amended its liability decision and concluded that "Mr. Buck is comparatively negligent, but not in the majority." *Id.* ¶ 26. On December 27, 2017, GEICO revised its liability decision to assign "zero liability" to plaintiff. *Id.* ¶ 29.

Plaintiff filed his Complaint in the Philadelphia Court of Common Pleas on or about October 31, 2018. GEICO filed a Notice of Removal on November 27, 2018 and filed the Motion to Dismiss on November 30, 2018. Plaintiff responded on December 10, 2018. GEICO filed a Reply[3] on December 17, 2018. The Motion is thus ripe for review.

### III. LEGAL STANDARD

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a

---

[1] Plaintiff's claim is not based on the increase in premiums. *See* Pl. Resp. ¶ 1 ("The bad faith claim is NOT based on the increase in premiums.").
[2] Plaintiff does not provide the date on which his insurance premiums increased or the date that he sought insurance from another company.
[3] GEICO incorrectly styled its reply as a "Sur Reply."

claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff[']s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. DISCUSSION

Defendant contends that plaintiff's Complaint should be dismissed for failure to state a claim for relief because plaintiff does not allege a denial of benefits under an insurance policy as required by 42 Pa. Cons. Stat. § 8371. In response, plaintiff advances two arguments. First, plaintiff argues that he does not need to allege a denial of benefits to state a cause of action for insurance bad faith under § 8371. Pl. Mem. L. Resp. 1. Second, plaintiff argues that he was denied "benefit[s] of purchasing an insurance policy." Pl. Resp. ¶ 15. The Court rejects plaintiff's arguments.

Plaintiff argues that § 8371 does not require a denial of benefits in order to state a cause of action and contends that "GEICO's investigative practices and faulty conclusions based on egregious investigative inaction" provide a cause of action under § 8371. Pl. Mem. L. 1.

The Court concludes plaintiff misstates the law. Plaintiff relies exclusively on *O'Donnell ex rel. Mitro v. Allstate Ins. Co*, which states that "[S]ection 8371 is not restricted to an insurer's bad faith in denying a claim. An action for bad faith may also extend to the insurer's investigative practices." 734 A.2d 901, 904 (Pa. Super. Ct. 1999). As the Third Circuit subsequently explained, *O'Donnell* merely clarified that "the alleged bad faith need not be limited to the literal act of denying a claim." *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 506 (3d Cir. 2004). However, "the essence of a bad faith claim must be the unreasonable and intentional (or reckless) denial of benefits." *Id.*; *see also Duda v. Standard Ins. Co.*, No. 12-1082, 2015 WL 1961170, at *26 (E.D. Pa. Apr. 30, 2015), *aff'd*, 649 F. App'x 230 (3d Cir. 2016) ("Pennsylvania law makes clear that claim denial is essential to a bad faith claim." (internal citations omitted)). Thus, plaintiff must allege the denial of benefits to state a claim under § 8371.

Plaintiff asserts that "GEICO's investigative practices and faulty conclusions based on egregious investigative inaction" denied him the benefits of (1) "fair and reasonable treatment upon submission of a claim;" (2) "the wisdom and experience of a multi-billion-dollar organization standing behind you in your moment of need;" and (3) "an insurance carrier to pursue your deductible from the actual party at fault." Pl. Resp. ¶ 15; Pl. Mem. L. Resp. 1. Plaintiff does not aver in his Complaint that any of these benefits arise from his insurance policy, or that he was denied those benefits. Accordingly, the Court cannot consider these assertions in resolving defendant's motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to the motion to dismiss.").

Even assuming that the bad faith denial of the benefits claimed by plaintiff was properly alleged in the Complaint, plaintiff's argument fails because plaintiff does not allege the denial of any benefits within the meaning of the statute. "'[B]ad faith' as it concern[s] allegations made by an insured against his insurer ha[s] acquired a particular meaning in the law." *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007). Courts in Pennsylvania and the Third Circuit have consistently held that "[a] plaintiff bringing a claim under [§ 8371] must demonstrate that an insurer has acted in bad faith toward the insured through 'any frivolous or unfounded refusal to *pay proceeds of a policy*.'" *Wise v. Am. Gen. Life Ins. Co.*, 459 F.3d 443, 452 (3d Cir. 2006) (emphasis added); *see also Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *Toy*, 593 Pa. at 41. None of the "benefits" that defendant allegedly denied plaintiff concern the refusal to pay proceeds under an insurance policy. To the contrary, plaintiff concedes that he "does not allege bad faith for refusal to pay benefits." Pl. Mem. L. Resp. 1.

The Court therefore concludes that plaintiff does not aver a "denial of benefits" within the meaning of § 8371. Defendant's motion to dismiss for failure to state a claim is granted.

**V.      CONCLUSION**

Plaintiff fails to allege that GEICO denied his insurance claim or otherwise refused to pay proceeds under his insurance policy. As a consequence, plaintiff fails to state a claim for bad faith under § 8371. The Motion of Defendant, GEICO Advantage Insurance Company, To Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. Plaintiff's Complaint is dismissed without prejudice to plaintiff's right to file an amended complaint within twenty (20) days if warranted by the facts and applicable law as set forth in the Memorandum.